**IN THE DISTRICT COURT OF THE UNITED STATES**

**UNITED STATES OF AMERICA**
**Plaintiff**

**vs.** **CR. 2007-0109S**

**Jonathan Campbell**

**DEFEDANT'S MOTION**
**FOR DISCLOSURE OF THE IDENTITY**
**OF THE INFORMANT OR INFORMANTS**

Now come the defendant, JONATHAN CAMPBELL, by and through his counsel, and moves that this Honorable Court direct the United States to disclose the identity of the informant or informants who were percipient witnesses in this case, together with the following information:

1. The name, all known aliases and dates of birth of all informants;
2. All prior arrests of the informant or informants, and any convictions resulting from said arrests whether in Rhode Island or any other jurisdiction;
3. All payments or reimbursements made to the informant or informants for expenses while assisting in investigations;
4. All promises, reward or consideration given to the informant or informants including promises of non-prosecution or discussions concerning non-prosecution, as well as promises, rewards, or consideration given to others as a result of the informant's cooperation. See Giglio v. United States, 405 U.S. 150 (1972);

5. Any evidence of the informant or informants' usage of or dependency on alcohol or narcotic drugs.

6. Any other promises, rewards or consideration given to other people as a result of the cooperation/assistance of the informant.

The defendants assert that the informant or informants/ tipster referenced by the police and agents in this case were deeply involved in working with police which cooperation and involvement resulted in defendants' arrest. Accordingly, the identities of these informants must be disclosed to permit the defendant to properly assess the government's evidence, and to prepare for trial. Defendants rely on the accompanying memorandum in support of this motion.

/S/ George J. West

George J. West, Esq. #3052
One Turks Head Place
Suite 312
Providence, RI 02903
Tel. 401-861-9042
Fax. 401-861-0330
Email: Georgew180@aol.com

CERTIFICATION

The undersigned certifies that on this 7th of March, 2008, a true copy of this motion was filed electronically via the US District Court ECF system and was thereby transmitted to Zechariah Chafee, Assistant United States Attorney, Bank of America Center, Providence, RI 02903.

/S/ George J. West

**IN THE DISTRICT COURT OF THE UNITED STATES**

**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**vs.** **CR07-109S**

**Johnathan Campbell**

**MEMORANDUM IN SUPPORT**
**OF DEFENSE MOTION FOR DISCLOSURE**
**OF IDENTITY OF INFORMANT OR INFORMANTS**

The defendant, Jonathan Campbell have been indicted for having been convicted of a crime punishable by a term of imprisonment exceeding one year did knowingly possess a fire arm in violation of 18 USC §922(g)(1) . The indictment arises from a government "sting" operation in which a government informant solicited the firearm from the defendant. It is believed this operation was fully orchestrated by the government.

To date the government has not identified the informant. The government has stated that it has fulfilled its discovery obligations with respect to with this matter.

The defendant faces severe penalties. Mr. Campbell faces a potential mandatory minimum (ACCA) sentence of 180 months in prison.

These defendants ask that this honorable court compel the government to

1. disclose the identity of the informant or "cooperating witness" who sought to obtain a firearm;
2. whether said individual was working as an informant/cooperating witness in connection with this investigation, and whether he worked on her own behalf or on behalf of another; and
3. disclose Brady, Giglio and any impeachment information about the informant or informants that is known by the government or reasonably available to the government prosecutor with the exercise of due diligence.

**Standard of Review**

A defendant's request for disclosure of the identity of an informant is governed by the provisions of Roviaro v. United States, 353 U.S. 53 (1957). A criminal defendant is entitled to know the identity of an informant if the informant was a percipient witness to or directly involved in the criminal transaction. Id at 62. In the Roviaro case the United States Supreme Court set limits on the so-called informer's privilege, holding that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60-61. The Supreme Court elaborated that "[t]he government's privilege to withhold the names of informers

must give way if 'the government's informer was the sole participant, other than the accused, in the transaction charged . . . [and] was the only witness in a position to amplify or contradict the testimony of government witnesses.' United States v. Bibbey, 735 F.2d 619, 621 (1 Cir. 1984) (quoting Roviaro, 353 U.S. at 64).

**Argument**

In this case the confidential informant was the only person in contact with Mr. Campbell at the time of the arrest. He was the sole participant in the activities that took place immediately prior to the arrest of the defendant. Similarly, he was the only participant in several telephonic contacts. The government's privilege to protect the informant from disclosure must therefore give way. The government's purpose in withholding the information is no longer stronger than the defendants' right to investigate and properly prepare their case.

This violates not only the Roviaro rule but also the pretrial order issued in this case as well as the government's obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972).

The United States has acknowledged in its response to both defendants' requests for discovery, that it is "aware" of its obligations under Brady. They now must comply and disclose the ID. See United States v. Martinez, 922 F.2d 914, 920-21 (1 Cir.st1991). The Court of Appeals for the Eighth Circuit has observed that "[w]here the witness is an active participant ... disclosure will almost always be material to the

accused's defense." United States v. Barnes, 486 F.2d 776, 778-79 (8 Cir 1973). It is essential to a fair and just process that the United States provide any information that tends to call of the informant credibility into question, and to do so in a timely manner so that the defendants may properly investigate, evaluate the strength of the government's case, and prepare for trial.

Accordingly, the defendant asks that this motion be granted and that the government provide all information sought in this motion.

/s/George J. West

George J. West, Esq. #3052
One Turks Head Place
Suite 312
Providence, RI 02903
Tel. 401-861-9042
Fax. 401-861-0330
Email: Georgew180@aol.com

CERTIFICATION

The undersigned certifies that on this 7th of March, 2008, a true copy of this motion was filed electronically via the US District Court ECF system and was thereby transmitted to Zechariah Chafee, Assistant United States Attorney, Bank of America Center, Providence, RI 02903.

/s/ George J. West