IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 07-0109S |
| | ) | |
| Jonathan Campbell | ) | |

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

Jonathan Campbell asks this Court to suppress the fruit of an illegal search which resulted in the alleged discovery of a handgun in a vehicle operating that was seized by the Providence Police Department was in violation of the Fourth Amendment. The officers did not have the consent of Mr. Campbell to search the car for the gun, nor did the officers have probable cause to search the vehicle. Therefore, this Court should suppress the evidence seized by the officers as a violation of the United States Constitution.

/s/ George J. West

George J. West, Esq. #3052
One Turks Head Place
Suite 312
Providence, RI 02903
Tel. 401-861-9042
Fax. 401-861-0330
Email: Georgew180@aol.com

Certificate

I hereby certify that I sent via the U.S. District Court's ECF system copies of this motion of this document to Zechariah Chaffee, Esq., Assistant United States Attorney on this March 7, 2008.

/s/ George J. West

George J. West

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 07-0109S |
| | ) | |
| Jonathan Campbell | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

## FACTS

On May 3, 2007, Providence Police Officers Jonathan Primiano and Leonel Pichs were conducting an investigation based on a tip they had received earlier that evening. According to the officers, the tipster stated that a black Chevy Tahoe, with a Massachusetts registration, would be traveling in to the city on Charles Street that evening. The Tahoe would be occupied by two black males, who had felony convictions, and there would be a firearm in the vehicle.

At 10 p.m. that evening, the officers stated that they saw a black Chevy Tahoe with Massachusetts license plates exiting route 95 on the Charles Street exit. As the Tahoe passed by the officers they saw that 2 black males were driving and began to follow the vehicle. The officers stated that they observed the vehicle change lanes without using a signal and then pulled the vehicle over. The officers approached the vehicle and claim they saw the drive "tampering with the center console". The officers then removed Mr. Campbell, the driver, and the passenger from the vehicle. The officers stated that they asked if there were any weapons in the vehicle. The officers claim that Mr. Campbell then said "I think there is a BB gun in there. You can check." Officer

Pichs searched the vehicle and found a loaded gun in the center console. Mr. Campbell was arrested and charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

**ARGUMENT**

The handgun found by the officers in Mr. Campbell's automobile should be suppress by this Court because he did not consent to the officers' searching his vehicle, nor did the officers have probable cause to search the vehicle. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches." U.S. Const. amd. IV. Government agents may search a vehicle if they obtain the consent of the owner of the vehicle. See Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). However, if consent is not obtained by the government, the officers must have probable cause to search the vehicle. See Ornelas v. United States, 517 U.S. 690, 693 (1996). The officers had nether Mr. Campbell's consent, nor probable cause to search his vehicle, therefore the handgun found in the vehicle should be suppressed.

**I. The Officers Did Not Have Valid Consent to Search the Vehicle for the Handgun.**

Mr. Campbell did not consent to the officer's search of his car for the handgun. To have consent to search, the officers must have received the voluntary waiver of the individual's constitutional rights. No such waiver was received from Mr. Campbell therefore, the handgun that was seized should be suppressed.

A. No Consent Was Given by Mr. Campbell.

Mr. Campbell never consented to the officer's search of his car. A warrantless search violates the Fourth Amendment unless it comes within one of the 'few specifically established and well-delineated exceptions' to the warrant requirement. A consensual search is one such exception." United States v. Forbes, 181 F.3d 1, 5 (1st Cir. 1999). For a search to be valid, an individual's consent to a search must be freely and voluntarily given. See United States v. Coraine, 198 F.3d 306, 309 (1st Cir. 1999). The government has the burden of proving a valid, voluntary consent by a preponderance of the evidence. See United States v. Winston, 444 F.3d 115, 121 (1st Cir. 2006).

Here, Mr. Campbell never consented to the officer's search of his vehicle. The officer's claim that Mr. Campbell, after being removed from the vehicle, was asked by Officer Primiaro if there were any weapons in the vehicle. The officers state that Mr. Campbell then stated, "I think there is a BB gun in there. You can check." Mr. Campbell denies making any statement. The claimed authorization to search was not in writing. Mr. Campbell would have had the right to remain silent at the point of the officers questioning and there is no indication he received Miranda warnings at this point. He was removed from the vehicle and then the police began to search the car to look for a firearm, without his consent. Upon information and belief this search lasted for an extended period of time and was quite invasive.

Without valid consent, the police lacked authority to search the vehicle and therefore, the handgun found in Mr. Campbell's car should be suppressed.
Assuming arguendo, that Mr. Campbell said to the officers, "I think there is a BB gun in there. You can check." the officer's search exceeded the scope of his consent. A warrantless search can not exceed the scope of consent given by the individual. United

States v. Marshall, 348 F.3d 281, 286 (1st Cir. 2003). A test of objective reasonableness is used to determine consent: "what would the typical reasonable person have understood by the exchange between the officer and subject?" Florida v. Jimeno, 500 U.S. 248, 251 (1991). The government bears the burden of proving that the search was within the scope of the consent. United States v. Turner, 169 F.3d 84, 87n.3 (1st Cir. 1999).

The standard for measuring the scope of the consent is an objective standard of reasonableness, however an individual may limit the scope of his consent. See Jimeno, 500 U.S. at 252 (“A suspect may of course delimit as he chooses the scope of the search to which he consents.”); see also Marshall, 348 F.3d at 286 (“For sure, a consenting party may limit the scope of his or her consent or withdraw it altogether.”). Therefore, when an individual limits his consent to a particular item for which the government actors are allowed to search, the government can not exceed the authority granted them and search for other items.

Here, Mr. Campbell statement, according to the officers, was, “I think there is a BB gun in there. You can check.” Mr. Campbell was limiting the scope of the search to the BB gun, which, as the photographs taken by the police of the car, was in plain view. Once the officers saw the BB gun and continued to search the car, they exceeded the scope of consent to search that Mr. Campbell had given them and violated his constitutional protections. Therefore, even if Mr. Campbell made the statement the police attributed to him, the evidence seized should be suppressed. The search at any rate far exceeded the scope of the consent and was very protracted and invasive.

**II. The Officers Did Not Have Probable Cause to Search the Vehicle.** In Illinois v. Gates, 462 U.S. 213, concerned whether a magistrate's issuance of a **search**

warrant on the basis of a partially corroborated anonymous tip could satisfy the probable cause rule. Gates reaffirmed that probable cause is to be judged from the totality of the circumstances. Although Gates found "it is wiser to abandon the 'two-pronged test'" for judging probable cause findings established in previous decisions, it did not disturb the longstanding principle that the probable cause determination remains an objective test. Similarly, a temporary detention or limited search is permissible only where the evidence indicates an "objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." Gates also reiterated that a magistrate's probable cause finding was entitled to substantial deference. 462 U.S. at 236. But contrary to the Seventh Circuit's view, the reaffirmation of a totality of the circumstances test for determining probable cause in Gates does not imply deferential review for judging the evidence supporting a warrantless police intrusion. Indeed, Gates can most fairly be read to point in precisely the opposite direction. The intent of Gates was to encourage use of the warrant process. In the instant matter the so-called tip was from an individual, it is believed, known to police, who supplied information to police which lead to the arrest. It is obvious that police were working with this individual however no information is contained in their report relative to the informant reliability or how he would be in a position to know the criminal record of the occupants of the vehicle or about its contents. Police essentially relied on the tip without corroboration. The results of the search ought to be suppressed. In this matter, there was no corroboration of any of the informant's information supplied to the law enforcement agencies. Draper v. U.S., 358 U.S. 307, 79 S. Ct. 329, 3 L. Ed. 2d 327 (1959). The best that can be said for the remainder of the conduct upon which the law enforcement agencies relied is that it may have been suspicious but in all respects

was not unlawful. Beck v. Ohio, 379 U.S. 89, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964). The use of the evidence seized as a result of the defendant's unlawful arrest violates his rights as rights guaranteed by the 4th Am. to the United States Constitution. The evidence ought to be suppressed.

/s/ George J. West

______________________________

George J. West, Esq. #3052
One Turks Head Place
Suite 312
Providence, RI 02903
Tel. 401-861-9042
Fax. 401-861-0330
Email: Georgew180@aol.com

Certificate

I hereby certify that I sent via the U.S. District Court's ECF system copies of this motion of this document to Zechariah Chaffee, Esq., Assistant United States Attorney on this March 7, 2008.

/s/ George J. West

______________________________

George J. West