**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CR. NO. 07-109S** |
| **vs.** | ) | |
| | ) | |
| **JONATHAN CAMPBELL** | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR THE IDENTITY OF THE INFORMANT**

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, and hereby Objects To Defendant's Motion For the Identity of the Informant for the reasons set forth in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/S/ZECHARIAH CHAFEE
ZECHARIAH CHAFEE
Assistant U.S. Attorney
U.S. Attorney's Office
RI Bar No. 3364
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email:zechariah.chafee@usdoj.gov

**CERTIFICATE OF SERVICE**

On this 11th day of April, 2008, I caused the within Government's Objection To Defendant's Motion for the Identity of the Informant to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF System.

George J. West, Esquire
One Turks Head Place, Suite 312
Providence, Rhode Island 02903

/s/ZECHARIAH CHAFEE
ZECHARIAH CHAFEE
Assistant U.S. Attorney
U.S. Attorney's Office
RI Bar No. 3364
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email:zechariah.chafee@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CR.NO.07-109S |
| | : | |
| JONATHAN CAMPBELL | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF IT'S OBJECTION TO DEFENDANT'S MOTION FOR THE IDENTITY OF THE INFORMANT**

I. INTRODUCTION

Defendant has moved for the identity and detailed background information on whomever the police received their tip from that there would be a gun in an SUV on Charles Street. Defendant gives no meaningful reason. His motion should be denied.

II. FACTS

On May 3, 2007 at about 9:00p.m., Providence Gun Task Force Officers Primiano and Pichs got word that a black Chevy Tahoe with Massachusetts plates would be coming into the city on Charles Street and that the two black men aboard, both felons, had a gun. The officers set up watch on the ramp off Route 95 South to Charles Street, and at about 10:00p.m. saw the Tahoe with the men inside come down the ramp. As the Tahoe went toward Admiral Street it changed lanes without using a turn signal, and the officers pulled it over. The police shined a spot light on the Tahoe, and, as they cam up, saw the driver, Jonathan Campbell, fiddling with the center console as if hiding something. The police told both men to show their hands; after some delay the men did. The police then asked Campbell if there

were weapons in the car, and he said that he thought there was a BB gun and added, "You can check."

An officer lifted a storage tray in the console and saw protruding from a sock the butt of a Smith & Wesson .38 special revolver. It had five rounds in it. Both men were arrested.

At the station Campbell was read his rights, signed a waiver, and told Officer Zincone that he got a phone call from a friend named Will in Rhode Island who said he was having problems with "Doods" and for Campbell to bring one of those "things" (meaning a gun). Campbell was to meet Will on Charles Street. Campbell acknowledged that the police had found a BB gun and a chrome .38 revolver with five rounds. He said that the gun was his, that he bought it for $300 in North Carolina four months ago, and that he did not know it was in the truck.

## III. ARGUMENT

This is a felon in possession of a firearm case. The gun was found beside the defendant in the SUV defendant was driving. The defendant later admitted that the gun was his. The government does not intend to call at trial or hearing whomever the police received their original tip from. That person is not a witness in this possession case. Defendant has made no suggestion whatsoever as to why the identity of such a person would be at all beneficial to him. What possible exculpatory information does he believe such a tipster might have for him?

He does not say.

Defendant bears the heavy burden of establishing that the identity of the informant is necessary to his defense before he is entitled to disclosure. United States v. Gomez-Genao, 267 F.3d 1 (1st Cir. 2001). In determining whether the defendant meets his burden, the Court must balance the "accused's right to prepare and present his defense against the public interest in acquiring needed information and the informant's stake in confidentiality." United States v. Perez, 299 F.3d 1, 4 (1st Cir. 2002).

## IV. CONCLUSION

For the foregoing reasons defendant's motion should be denied.

Respectfully Submitted,

UNITED STATES OF AMERICA
By its Attorney's

/s/ Zechariah Chafee
ZECHARIAH CHAFEE
Assistant United States Attorney
RI Bar No. 3364
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401)709-5000
(401)709-5001(fax)
zechariah.chafee@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of April, 2008, I caused the within Government's Memorandum in Support of it's Objection To Defendant's Motion For the Identity of the Informant to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF System.

George J. West, Esquire
One Turks Head Place, Suite 312
Providence, Rhode Island 02903

/s/ Zechariah Chafee

ZECHARIAH CHAFEE
Assistant United States Attorney
United States Attorney's Office
RI Bar No. 3364
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401)709-5000
(401)709-5001(fax)
zechariah.chafee@usdoj.gov