UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

```
_____
                            )
UNITED STATES OF AMERICA    )
                            )
    v.                      )   CR No. 07-109-1S
                            )
JONATHAN CAMPBELL.          )
                            )
_____)
```

**PRELIMINARY SENTENCING MEMORANDUM**

WILLIAM E. SMITH, United States District Judge.

I.  Background

On May 3, 2007, Providence police stopped a vehicle driven by Defendant Jonathan Campbell after receiving a tip that a black Chevrolet Tahoe with Massachusetts license plates containing two men and a gun would enter Providence via Charles Street. In the vehicle were Campbell, another man, and a .38-caliber revolver with five rounds in it. Defendant was arrested and charged with one count of possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1).

Defendant initially pleaded not guilty to the charge in August 2007. In April 2009, following a multi-day evidentiary hearing, the Court denied Defendant's motion to suppress. In May 2009, the Court granted Defendant's motion to assess his competency for trial. Defendant was thereafter deemed competent to proceed to trial after the completion of an evaluation. On

December 15, 2010, Defendant pleaded guilty to being a felon in possession of a firearm.

The presentence report ("PSR"), prepared by the U.S. Probation Office documents Campbell's prior criminal history, including five felony convictions in Massachusetts state court: larceny from the person, assault and battery with a dangerous weapon, assault with intent to kill, assault with a dangerous weapon, and assault. Concluding that each of these five convictions constituted a violent felony, the PSR recommends that Campbell be designated an armed career criminal -- a classification that triggers a 15-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), and the corresponding guideline calculation pursuant to USSG § 4B1.4.

Campbell objects to the PSR, raising three major exceptions. First, Campbell argues that the imposition of a mandatory minimum sentence violates his constitutional rights. Second, he contends that the government has failed to provide documentation sufficient to show that Campbell was convicted of three qualifying offenses that would allow him to be designated an armed career criminal. Third, Defendant claims that none of the five convictions that the government offers to designate him as an armed career criminal qualify as violent felonies under ACCA.

II. Discussion

Defendant's first argument is a constitutional one -- that the Fifth and Sixth Amendments preclude the Court from classifying him as an armed career criminal because he did not admit -- nor did a jury find -- that his prior crimes qualify as predicate offenses under ACCA. It is well established in this Circuit, however, that a sentencing enhancement based on prior criminal convictions need not be proven to a jury, United States v. Matthews, 498 F.3d 25, 36 (1st Cir. 2007), and accordingly, this argument gets no traction.

Defendant next argues that the government has failed to offer evidence sufficient to prove that he was convicted of any offense that qualifies as an ACCA predicate. Defendant relies on the Supreme Court's ruling in Shepard v. United States, 544 U.S. 13, 26 (2005), to claim that evidence of a prior conviction for the purposes of classifying a defendant as an armed career criminal must be demonstrated through a specified set of documents. In Shepard, the Supreme Court held that only certain documents, such as the plea colloquy or "a comparable judicial record of this information," may be used to determine the nature of a prior criminal conviction when the charged statute contains multiple offenses; police reports and the like are not sufficient. Id. The First Circuit recently clarified the rule set forth in Shepard, explaining that Shepard documents only

3

come into play when a defendant is convicted under a statute that covers multiple offenses, at least one of which does not qualify as an ACCA predicate. See United States v. Holloway, 630 F.3d 252, 256-57 (1st Cir. 2011).

Defendant attempts to stretch the holding of Shepard, asserting that the fact of each conviction, whether the statute contains multiple offenses or not, may only be proven using Shepard documents. Neither Holloway nor Shepard establish this rule and the Third Circuit has recently rejected this argument in the context of a career offender designation. See United States v. Howard, 599 F.3d 269, 271 (3d Cir. 2010). In Howard, the district court relied on a presentence report, an incomplete certified conviction, and an uncertified docket to determine that the defendant was previously convicted of felony possession with intent to distribute a controlled substance and to classify the defendant as a career offender. Id.

On appeal, the Third Circuit noted that the government's obligation is to establish, by a preponderance of the evidence, prior career-offender qualifying convictions. Id. at 271-72. The court held that a district court may consider any documents that have "sufficient indicia of reliability to support their probable accuracy such that the documents can be used as evidence of [a defendant's] prior conviction." Id. at 272 (internal quotation marks and citations omitted). While the

4

First Circuit has yet to explicitly rule on this point, other circuits have ruled similarly. See, e.g., United States v. Felix, 561 F.3d 1036, 1045 (9th Cir. 2009) (determining that district court was justified in relying solely on presentence report as evidence of conviction and declining to apply Shepard where the fact of conviction is questioned); United States v. Neri-Hernandes, 504 F.3d 587, 591 (5th Cir. 2007) ("Shepard does not apply when determining whether the government has satisfied its burden of proof as to the existence of a prior conviction").

Here, the PSR contains supporting documents from the adjudicating court for each of Campbell's prior offenses. These documents are sufficient for the Court to determine by a preponderance of the evidence that Campbell was in fact convicted of the offenses on which the government relies to classify him as an armed career criminal.

Defendant's third objection challenges the classification of each of the five convictions at issue as violent felonies. This Court has little difficulty finding that at least three of Defendant's prior convictions qualify as ACCA predicates.[1]

---

[1] Because only three qualifying offenses are needed to classify a defendant as an armed career criminal under Section 924(e)(1), it is unnecessary to determine whether Defendant's other convictions, assault and assault with a dangerous weapon, qualify as violent felonies under ACCA. The First Circuit has held that assault with a dangerous weapon qualifies as an ACCA predicate. See United States v. Am, 564 F.3d 25, 33-34 (1st Cir. 2009). Although the First Circuit has not revisited the

Under ACCA, a defendant with three prior convictions for violent felonies is subject to a mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e)(1). A "violent felony" is defined by ACCA as

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Clause (i) is termed the "force clause," and the language of clause (ii) following the enumerated offenses is referred to as the "residual clause." Dancy, 640 F.3d at 465 (citing United States v. Holloway, 630 F.3d 252, 256 (1st Cir. 2011)). Under either clause, the Court takes a categorical approach in deciding whether a conviction qualifies as an ACCA predicate, meaning the Court "consider[s] only the offense's legal definition, forgoing any inquiry into how the defendant may have committed the offense." Holloway, 630 F.3d at 256 (citing Begay v. United States, 553 U.S. 137, 141 (2008); Taylor v. United States, 495 U.S. 575, 600 (1990)). State court construction of the relevant state law controls the

---

issue since Holloway, it is likely that the court would not disrupt this holding.

result.  Holloway, 630 F.3d at 259.  The analysis ends here if the statute subsumes only ACCA predicate offenses.  See id.  But where the statute encompasses multiple offenses, and not all of the offenses qualify as ACCA predicates, the Court may consult Shepard documents.  United States v. Giggey, 589 F.3d 38, 41 (1st Cir. 2009) (citing Shepard, 544 U.S. at 26; Taylor, 495 U.S. at 602).  If the Shepard documents prove inconclusive, such that the court cannot ascertain the offense of conviction, the conviction cannot qualify as an ACCA predicate.  Holloway, 630 F.3d at 257.  An offense qualifies under ACCA's residual clause if the offense poses a risk "comparable to that posed by its closest analog among the enumerated offenses."  Sykes v. United States, 131 S. Ct. 2267, 2273 (2011).

In this case, Defendant has pleaded guilty to three violent felonies under Massachusetts law, two of which have been held by the First Circuit to qualify categorically as violent felonies, and a third which clearly would qualify based on the holdings of the Commonwealth's courts.

Defendant pleaded guilty to larceny from the person in 1989, which qualifies as a violent felony under ACCA.  See United States v. Rodriguez, 659 F.3d 117, 119 (1st Cir. 2011) (holding that a Massachusetts conviction of larceny from the person qualifies as a violent felony because the potential for confrontation and physical injury "invariably exists").

In 1990, Defendant pleaded guilty to assault and battery with a dangerous weapon. The First Circuit recently reaffirmed that this offense qualifies as an ACCA predicate offense. See United States v. Hart, No. 11-1156, 2012 WL 892496, at *7 (1st Cir. Mar. 16, 2012).

In 1995, Defendant pleaded guilty to a third qualifying offense, assault with intent to kill, which qualifies under ACCA's residual clause because it involves "conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Recently, in Sykes, the Supreme Court explained that "a crime involves the requisite risk when 'the risk posed by [the crime in question] is comparable to that posed by its closest analog among the enumerated offenses.'" 131 S. Ct. at 2273 (quoting James v. United States, 550 U.S. 192, 203 (2007)).

Here, the Court must determine whether, under Massachusetts law, assault with intent to kill poses a risk comparable to offenses enumerated in the residual clause, such as burglary and arson. See Sykes, 131 S. Ct. at 2275-76. Assault with intent to kill is a lesser included offense of assault with intent to commit murder, and it has three elements: assault, specific intent to kill, and a mitigating factor. See Commonwealth v. Vick, 910 N.E.2d 339, 350 (Mass. 2009) (citing Commonwealth v. Nardone, 546 N.E. 2d 359, 365 (Mass. 1989)). A conviction under

8

assault with intent to kill requires that a defendant either attempted to use physical force on another, or threatened to use physical force on another, with the specific intent to kill the victim. See Commonwealth v. Gorassi, 733 N.E. 2d 106, 110 (Mass. 2000) (defining assault). Clearly, this offense poses at least as great a risk of physical injury as burglary and arson; "[b]urglary is dangerous because it can end in confrontation leading to violence," and arson "entails intentional release of a destructive force dangerous to others." Sykes, 131 S. Ct. at 2273. It is self-evident that an offense directed at a person, with the intent of killing that person, poses a risk of physical injury comparable to -- if not greater than -- that posed by arson and burglary, which are directed at property.[2] Thus, Defendant's conviction for assault with intent to kill presents a "serious potential risk of physical injury to another" and,

---

[2] While the classification vel non of the offense as an ACCA predicate hinges solely on the interpretation of Massachusetts law by Massachusetts courts, two recent decisions from other jurisdictions are instructive in this analysis. In United States v. Jones, No. 09-6549, 2012 WL 716450, at *7-8 (6th Cir. Mar. 7, 2012), the court determined that assault with intent to commit second degree murder was a violent felony under ACCA's residual clause because the potential risk of physical injury was greater than the risk posed by burglary and arson. Also, in Petty v. O'Brien, Civil Action No. 1:11CV9, 2012 WL 509852, at *4 (N.D. W. Va. Feb. 15, 2012), the court stated that "[i]t is axiomatic that an assault which is committed with the specific intent to kill the victim presents, at the very least, 'a serious potential risk of physical injury to another' so as to qualify under the 'residual clause' of the ACCA." (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

9

thus, qualifies under the residual clause. 18 U.S.C. § 924(e)(2)(B)(ii).

Defendant, relying on Commonwealth v. Parenti, 442 N.E.2d 409 (Mass. App. Ct. 1982), claims that assault with intent to kill may be committed recklessly and that, therefore, it cannot be categorically considered a violent offense after Holloway. This argument has no merit. The Massachusetts Supreme Judicial Court has expressly held that "specific intent to kill" is a necessary element to assault with intent to kill, Vick, 910 N.E.2d at 350, and so, there can be no question that it is a specific intent crime that cannot be committed recklessly. See also Parenti, 442 N.E.2d at 411 (explaining that assault with intent to kill does not encompass the reckless or wanton conduct consistent with involuntary manslaughter). Because assault with intent to kill may only be committed intentionally, the crime is properly considered to be categorically a violent felony under the residual clause. See Holloway, 630 F.3d at 261.

III. Conclusion

For the reasons stated herein, Defendant's objection to his classification as an armed career criminal in the presentence report is DENIED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: April 2, 2012